IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19 CR 00647 |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | JUDGE SARA LIOI |
| DEANDRE ALLEN, | ) | |
| Defendant | ) | MOTION TO SUPPRESS |

Now comes the Defendant, by and through attorney, Leif B. Christman, and respectfully requests this Honorable Court to grant Defendant's Motion to Suppress in the above-captioned matter. Defendant's Memorandum in Support and Exhibits are attached hereto and incorporated herein.

Respectfully submitted,

/S/LEIF B. CHRISTMAN
LEIF B. CHRISTMAN (0070014)
55 Public Square
Suite 2100
Cleveland, Ohio 44113
216-241-5019

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

This motion arises following a warranted search of Mr. Deandre Allen's home on Linda Lane in Garfield Heights, Ohio. That warrant lacked probable cause and was supported by an affidavit that contained material misrepresentations and omissions.

## RELEVANT FACTS

According to the Detective Griffis' affidavit in support of the underlying search warrant, "detectives" were advised by a "Confidential Reliable Informant (CRI)" that a black male was selling narcotics "at various locations within Cuyahoga County". Exhibit A at ¶9. That informant also stated that the black male drove a black pick-up truck and "most recently" a silver SUV. Id. According to Griffis, the silver affidavit was a rental vehicle from Enterprise. Id at ¶10. Griffis also attested that the women who rented the silver SUV "gave an address of 5820 Linda Lane, Garfield Heights." This appears to be a falsehood.

The gray Toyota SUV mentioned in the search warrant affidavit was, as mentioned, rented from Enterprise. Exhibit B. However, the address provided by the renter was not the Linda Lane address targeted by police. Rather, the renter – Tiffany Jones – provided an address on Princeton Ave in South Euclid, Ohio. Id.

Detective Griffis with SEALE (Southeast Area Law Enforcement) Task Force submitted his affidavit in support of his application for a warrant on March 14, 2019. Exhibit A. In that affidavit, Griffis stated that, "in the past 48 hours" detectives "met with [a] CRI in an attempt to make a controlled purchase of heroin…." Exhibit A at ¶12. That purchase was ultimately made at a predetermined location that was not Mr. Allen's home on Linda Lane.

Griffis stated that, in preparation for this "controlled purchase," the CRI was searched and found to be "free of drugs, money and contraband." Id. The CRI was then given specific, recorded currency for use in the controlled purchase. Id. The CRI was then followed by Griffis to the

buy location. At the same time, detectives conducted surveillance at Mr. Allens' home where the silver truck was parked in the driveway.

After the controlled purchase was set-up, Mr. Allen was seen leaving his home, entering the silver SUV and driving to meet the informant. According to the affidavit, the informant and Allen exchanged the buy money and "an amount of suspected heroin/fentanyl." Exhibit A at ¶12.

That same SUV was seen at the Linda Lane house "in the early morning hours and late evenings after the controlled buy." Exhibit A at ¶14.

In his affidavit, Griffis provided additional background on himself and the purported CRI. Griffis stated that he has worked as a law enforcement officer for the past 14 years. Exhibit A at ¶1. As to the CI, Griffis said very little. In fact, the affidavit offers only the following conclusory remark:

> Affiant avers that the above mentioned CRI has been made reliable in that CRI has provided information about drug traffickers that has been corroborated by other sources, as well as locations where narcotics are sold from that have also been corroborated by other sources, and has worked with SEALE Narcotics Task Force on other successful narcotics investigations.

Exhibit A at ¶16.

On March 14, 2019, based upon this affidavit, Cuyahoga County Court of Common Pleas Court Judge Steven E. Gall issued a search warrant for the Linda Lane property. Exhibit A. That warrant was executed 5 days later March 19, 2019.

Mr. Allen was ultimately charged in connection with items found during the March 19th search of his home. This motion to suppress follows.

## APPLICABLE LAW AND DISCUSSION

### A. Franks Hearing

In *Franks v. Delaware*, 438 U.S. 154, 155, 164, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), the Supreme Court examined whether a defendant ever has the right, pursuant to the Fourth and Fourteenth Amendments, to contest the truthfulness of sworn statements of fact in a search warrant affidavit.

Sworn affidavits in support of search warrants are, in the first instance, presumed to be valid. Id. at 171. Nevertheless, a defendant may attack the veracity of factual statements in the affidavit under certain limited circumstances:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.
>
> Id. at 155-56; see also United States v. Bennett, 905 F.2d 931, 934 (6th Cir. 1990). If the defendant makes this showing and is granted what has come to be known as a "Franks hearing," he or she must show by a preponderance of the evidence that the affiant intentionally or recklessly included false statements, which are necessary to the probable cause finding, in the affidavit. Franks, 438 U.S. at 156; Bennett, 905 F.2d at 934. If the defendant successfully makes this showing, the evidence gained as a result of the search must be suppressed. Franks, 438 U.S. at 156; Bennett, 905 F.2d at 934.

In the present case, the need for a *Franks* hearing is clear. To prove the need for a *Franks* hearing, the defendant "must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth" and "must accompany his allegations with an offer of proof," including the provision of supporting affidavits. Id. The Supreme Court has described the showing as follows:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.

*Franks*, 438 U.S. at 171-72 (emphasis added).

If the defendant makes this showing and is granted what has come to be known as a "Franks hearing," he or she must show by a preponderance of the evidence that the affiant intentionally or recklessly included false statements, which are necessary to the probable cause finding, in the affidavit.

3

*Franks*, 438 U.S. at 156; *Bennett*, 905 F.2d at 934. If the defendant successfully makes this showing, the evidence gained as a result of the search must be suppressed. *Franks*, 438 U.S. at 156; *Bennett*, 905 F.2d at 934.

The warrant affidavit in this case contained a significant misrepresentation and/or omissions. Detective Griffis appears to have lied about how he linked an ongoing investigation to Mr. Allen's address. Griffis attests that a rental car was used in a unsupervised, non-controlled purchase of narcotics. An informant relayed a license plate number of that car to police who learned the truck was rented from Enterprise. In his affidavit, Griffis wrote:

> "*** Detectives learned that the individual that rented the vehicle was a female by the name of Tiffany Jones, who gave an address of 5820 Linda Lane, Garfield Heights (Cuyahoga) Ohio 44125 (said residence to be searched). ***"

Affidavit at ¶10. This appears to be a lie.

The gray Toyota SUV mentioned in the search warrant affidavit was, as mentioned, rented from Enterprise. Exhibit B. However, the address provided by the renter was not the Linda Lane address targeted by police. Rather, the renter – Tiffany Jones – provided an address on Princeton Ave in South Euclid, Ohio. Id.

This material misrepresentation makes the reader believe that Mr. Allen was identified as a target by investigating a tip provided by the informant. This could not be the truth if the address provided to Enterprise was not the address provided by the renter, Ms. Jones. This begs the question what material misstatement an omissions are left undiscovered.

The affidavit in this case is also riddled with material ommissions. Material omissions may also merit a *Franks* hearing in certain circumstances: "Although material omissions are not immune from inquiry under *Franks*, . . . an affidavit which omits potentially exculpatory information is less likely to present a question of impermissible official conduct than one which affirmatively includes false information." *United States v. Adkins*, 107 F.3d 1213, 1217 (6th Cir. 1997). Thus, "except in the very

rare case where the defendant makes a strong preliminary showing that the affiant with an intention to mislead excluded critical information from the affidavit, and the omission is critical to the finding of probable cause, Franks is inapplicable to the omission of disputed facts." *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir.), cert. denied, 524 U.S. 942, 118 S. Ct. 2352, 141 L. Ed. 2d 722 (1998). "If the defendant does succeed in making a preliminary showing that the government affiant engaged in 'deliberate falsehood' or 'reckless disregard for the truth' in omitting information from the affidavit, the court must then consider the affidavit including the omitted portions and determine whether probable cause still exists." *Adkins*, 107 F.3d at 1217.

Here, there is a clear material omission of how Mr. Allen became a target of the SEALE Task Force in light of the Enterprise Invoice attached as Exhibit B. Plus, there are material omissions regarding the purported reliable informant.

The remedy under *Franks* is to set aside the misrepresentations or included omissions in the affidavit and examine whether the remaining facts no longer support probable cause. *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). Before we discuss setting aside the offending portions of the affidavit it's worth talking about the weaknesses of the affidavit before the misrepresentations are set aside. Indeed, Mr. Allen maintains that on its face, the affidavit lacks probable cause.

B.  **Warrant Lacked Probable Cause**

1. <u>**The single controlled buy in this case does not give rise to probable cause to search Mr. Allen's home address.**</u>

Probable cause to search is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). To make such a showing "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Id. at 244 n.13. Thus, the Supreme Court has observed

5

> that probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," *Carroll v. United States*, 267 U.S. 132, 162, 45 S. Ct. 280, 288, 69 L. Ed. 543, T.D. 3686 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required. *Brinegar v. United States*, 338 U.S. 160, 176, 69 S. Ct. 1302, 1311, 93 L. Ed. 1879 (1949).

*Texas v. Brown*, 460 U.S. 730, 742, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983). In other words, probable cause is "reasonable grounds for belief supported by less than prima facie proof but more than mere suspicion." *Bennett*, 905 F.2d at 934. Whether probable cause to issue a search warrant exists is evaluated by looking at the totality of the circumstances. *Gates*, 462 U.S. at 238.

An issuing judge's determination that probable cause exists is entitled to "'great deference.'" *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (quoting *Gates*, 462 U.S. at 236). This deferential standard promotes the preference for the use of search warrants as opposed to warrantless searches. Id. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. The "duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. at 238-39.

Here, the search warrant affidavit was based on a single controlled buy, which does not in itself establish probable cause to search Mr. Allen's home. See, discussion supra, citing *United States v. Smith*, 2004 U.S. Dist. LEXIS 32470, at *10 (E.D. Mich. 2004) ("*Smith 2004*"). In *United States v. Smith 2004*, as in this case, there was a single controlled buy, and the court stated:

> There was no information in the affidavit that the [confidential informant] had previously purchased drugs at the Minock address, or that he had ever been there before. There was no statement that he observed any guns or other drugs at the house. The [confidential informant] did not recount any conversation with the woman who sold him the drugs. Furthermore, the affidavit did not contain any other facts, such as police surveillance, unusual traffic patterns, previous sales at that address, or any other information which would suggest ongoing activity.

*Smith 2004*, 2004 U.S. Dist. LEXIS 32470, at *9.

In this case, the affidavit does not contain any indicia that drug trafficking had occurred at Mr. Allen's residence. Plus, there is no evidence that the confidential informant had ever: (a) observed a prior drug transaction at Mr. Allen's home; (b) been inside Mr. Allen's house; or (c) seen any drugs or drug paraphernalia in the house. Finally, the affidavit does not reflect that any other surveillance of Plaintiff's house was conducted before or after the single controlled buy or that the confidential informant attempted a second buy at Mr. Allen's house.

While there may have been some evidence of drug trafficking. There was simply no credible evidence suggesting that there was "a fair probability that contraband or evidence of a crime will be found" in Mr. Allen's home.

2. **The reliability of the purported confidential informant was sworn to in a conclusory fashion and his/her statements should not be relied upon in creating probable cause.**

The reliability of the CI in this case is highly suspicious. Generally, statements of informants are to be judged with great scrutiny. Indeed, federal and state courts have pattern jury instructions that instruct jurors to view CI testimony with greater care than that of ordinary witnesses, giving particular consideration to whether their testimony was influenced by what the government gave them.

Mr. Allen maintains that information from the informant must be discounted because the affidavit provides no indication that the informant is reliable. Under the totality of the circumstances test, the reliability of a confidential informant remains an integral part of the probable cause analysis. See *Gates*, 462 U.S. at 233 (holding that a confidential informant's reliability and basis of knowledge are "relevant considerations in the totality-of-the-circumstances analysis"); *Allen*, 211 F.3d at 972-73. An informant's veracity, reliability, and basis of knowledge are not rigid categories. *Allen*, 211 F.3d at 972-73. The reliability of a confidential source can be demonstrated, at least in part, by prior occasions on which the informant has provided reliable information, see *United States v. Ferguson*, 252 F. App'x

714, 721 (6th Cir. 2007), but no such occasions are alleged in the underlying Affidavit.

Information provided by a confidential informant can be independently corroborated by law enforcement. *United States v. Jones*, 159 F.3d 969, 974 (6th Cir. 1998). This independent police corroboration must be "substantial." *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005). Police do not necessarily have to corroborate the criminal conduct observed by the informant; instead, corroboration of unincriminating facts can be sufficient to establish probable cause. *Gates*, 462 U.S. at 243-44. "It is enough, for purposes of assessing probable cause, that 'corroboration through other sources of information reduced the chances of a reckless or prevaricating tale,' thus providing 'a substantial basis for crediting the hearsay.'" Id. at 244-45 (quoting *Jones v. United States*, 362 U.S. 257, 269, 271, 80 S. Ct. 725, 4 L. Ed. 2d 697 (1960)). Like the lack of prior occasions of providing reliable observations, the police in this case did not independently corroborate any substantial facts provided by the the informant.

### C. Search Warrant Affidavit is woefully in sufficient once misrepresentations are set aside.

A facially valid warrant is subject to challenge if the officer obtaining the warrant made intentional or reckless misrepresentations or omitted information in the supporting affidavit when, but for the misrepresentations or omissions, probable cause would not have been found. *Donta v. Hooper*, 774 F.2d 716, 718 (6th Cir. 1985), cert. denied, 483 U.S. 1019, 107 S. Ct. 3261, 97 L. Ed. 2d 760 (1987). A constitutional violation may exist only if, in setting aside the misrepresentations or included omissions in the affidavit, the remaining facts no longer support probable cause. *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

Here, the search warrant affidavit was based on a single controlled buy, which does not in itself establish probable cause to search the location. See, discussion supra, citing *United States v. Smith*, 2004 U.S. Dist. LEXIS 32470, at *10 (E.D. Mich. 2004) ("*Smith 2004*").

The Michigan Eastern District Court found that after striking misrepresentations and omissions from a search warrant affidavit, a single controlled buy failed to support a finding of probable cause. *Bullock v. City of Detroit*, E.D.Mich. No. 17-12685, 2019 U.S. Dist. LEXIS 26608, at *17-18 (Feb. 20, 2019). In *Bullock*, the alleged purchase by the confidential informant was made on the porch of Plaintiff's house and the confidential informant did not enter Plaintiff's house. The confidential informant did not indicate that he/she saw any guns or drugs in Plaintiff's house, nor was there any indication of the presence of a dog at the residence. Finally, the search warrant was executed two days after the single controlled buy was made.

Like in the *Bullock* Case, when setting aside the misrepresentations or including omissions in the affidavit, the remaining facts no longer support probable cause for the warrant obtained by Detective Griffis. *Franks*, supra.

## CONLCUSION

WHEREFORE, based on the foregoing, Mr. Allen prays that this Honorable Court will sustain the instant motion to suppress and suppress any and all evidence taken from Mr. Allen's Linda Lane home during the execution of the underlying search warrant.

          Respectfully submitted,

          /S/LEIF B. CHRISTMAN
          LEIF B. CHRISTMAN (#0070014)
          Attorney for Defendant

### SERVICE

I certify that a true and accurate copy of the foregoing Motion was served by this Court's electronic filing system this 19th day of February, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          /S/LEIF B. CHRISTMAN
          LEIF B. CHRISTMAN
          Attorney for Defendant