| STATE OF OHIO | ) | | COURT OF COMMON PLEAS |
| --- | --- | --- | --- |
| | ) | SS. | CRIMINAL DIVISION |
| COUNTY OF CUYAHOGA | ) | | |
| | ) | | |
| CITY OF GARFIELD HTS | ) | | |

## SEARCH WARRANT

TO: CHIEF OF POLICE OF THE GARFIELD HTS POLICE DEPARTMENT and/or DETECTIVE MICHAEL GRIFFIS, A MEMBER OF THE SEALE NARCOTICS TASK FORCE and/or ANY MEMBER OF SAID DEPARTMENT, or OTHER OFFICERS AS AUTHORIZED

Whereas there has been filed with me an affidavit, a copy of which is attached hereto, designated as Exhibit A and incorporated herein as though fully rewritten wherein the affiant avers that he believes that on the premises, curtilage and common storage areas, and persons therein, known as: 5820 Linda Lane, Garfield Hts, Cuyahoga County, Ohio 44125 and further described as a single story single family home, having white siding exterior, having a walkway leading to the front door, having a small set of steps leading to the front door, located on the west side of Linda Lane, and having a detached garage, and further identified as Cuyahoga County parcel number 543-18-010. There is now being unlawfully kept, concealed and possessed the following evidence of criminal offense:

> Heroin, fentanyl, and other narcotic drugs and/or other paraphernalia used in the taking of drugs and/or preparation of illegal drugs for sale, use or shipment, records of illegal transactions, articles of personal property, papers documents tending to establish the identity of persons in control of the premises and safes. Contraband including but not limited to money, guns, scales, plastic bags, wax bags, cigarette rolling papers, computers, computer software, answering machine tapes, video tapes, and all other evidence of the violation of the Ohio Drug Laws, to wit: 2925.03 and 2925.11 of the Ohio Revised Code et seq.

I am satisfied that there is probable cause to believe that the property described is being concealed on the above described premises, curtilage, common

storage areas, and all persons present therein, and that grounds for issuance of the search warrant exist.

YOU ARE HEREBY COMMANDED IN THE NAME OF THE STATE OF OHIO with the necessary and proper assistance, to serve this warrant and search forthwith the above described premises, 5820 Linda Lane, Garfield Hts, Cuyahoga County, Ohio 44125 its curtilage and common storage areas, any and all vehicles located thereon and in the control of those inside said residence, and any person present therein for the property specified. This warrant must be executed within (3) days of the date hereof and may be executed at **night**. If the property, or any part there of be found there you are commanded to seize it, leaving a copy of this warrant and a receipt of the property taken, prepare an inventory of the property seized, return this warrant to the undersigned or any other judge of the Court of Common Pleas, Cuyahoga County and the bring the property found in such search forthwith before said judge, or some other judge or magistrate of the county.

Given under my hand this _14th_ day of March, 2019.

_____
JUDGE, COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

EXHIBIT A

| | | |
|---|---|---|
| **STATE OF OHIO** | ) SS. | **COURT OF COMMON PLEAS** |
| | ) | **CRIMINAL DIVISION** |
| **CUYAHOGA COUNTY** | ) | |
| | ) | |
| **CITY OF GARFIELD HTS** | ) | **AFFIDAVIT FOR SEARCH WARRANT** |

Before me a judge in the Court of Common Pleas, Cuyahoga County Ohio, personally appeared the undersigned Detective Michael Griffis who being duly sworn, deposes and says that he is a member of the SEALE Narcotics Task Force, a member of the Solon Police Department, and that he has good cause to believe that on the premises, curtilage, and common storage areas and all vehicles located thereon and persons located therein, known as: 5820 Linda Lane, Garfield Hts, Cuyahoga County, Ohio 44125 and further described as a single story single family home, having white siding exterior, having a walkway leading to the front door, having a small set of steps leading to the front door, located on the west side of Linda Lane, and having a detached garage, and further identified as Cuyahoga County parcel number 543-18-010. There is now being unlawfully kept, concealed and possessed the following evidence of criminal offense:

> Heroin, fentanyl, and other narcotic drugs and/or other paraphernalia used in the taking of drugs and/or preparation of illegal drugs for sale, use or shipment, records of illegal transactions, articles of personal property, papers documents tending to establish the identity of persons in control of the premises and safes. Contraband including but not limited to money, guns, scales, plastic bags, wax bags, cigarette rolling papers, computers, computer software, tracking numbers, answering machine tapes, video tapes, and all other evidence of the violation of the Ohio Drug Laws, to wit: 2925.03 and 2925.11 of the Ohio Revised Code et seq.

The facts upon which the affiant bases such belief are as follows:

1. Affiant is a member of the Solon Police Department and has been a police officer for the past fourteen years. Affiant has worked as a member of the S.E.A.L.E. SWAT team for the past 9 years and is currently assigned to the S.E.A.L.E Narcotics Task Force.

2. Affiant has received training in the recognition of controlled substances, the method of packaging controlled substances on the street and the manner in which sellers of controlled substances operate and the detection of narcotics trafficking at his basic course in the Ohio State Highway Patrol Academy.

3. Affiant attended Kent State University, receiving a B.S. in Justice Studies, and relevant course work included Substance Abuse, Criminal Law, and Criminal Justice, amongst others.

4. Affiant avers that he has received training in Criminal Patrol and Drug Interdiction from the North Coast Polytechnic Institute. Affiant has also received training in Drug Investigations from Forensic Training Services Inc, as well as Patrol Drug Operations, and Criminal Gang Awareness from the Ohio Peace Officer Training Academy.

5. Affiant has conducted and/or participated in investigations into illicit drug trafficking operations, which were resultant in state and local prosecutions, and has interviewed numerous drug traffickers and drug abusers during these and other investigations.

6. Affiant has conducted hundreds of investigations into drug traffickers and drug abusers. Affiant states that he has made in excess of four hundred and fifty (450) arrests for violations of the State and Local drug laws. Affiant has participated in the execution of narcotic search warrants, and participated in controlled purchases of narcotics using confidential informants.

7. Affiant states he has been involved in the execution of numerous search warrants, arrest warrants and seizure warrants related to narcotics trafficking. These warrants covered the search of the locations ranging from residences of targets, their associates, and relatives used by narcotics traffickers as "fronts" to legitimize their activities utilized by narcotic traffickers for the purpose of securing and secreting the proceeds from illegal drug sales. Affiant was responsible for arresting suspects, as well as the processing of the seized evidence. Materials searched for and recovered in these locations have included narcotics, narcotic paraphernalia, records pertaining to the purchase, sale and distribution of narcotics, records relating to the expenditure of profits realized from narcotics distribution, currency, and the various assets purchased from narcotics trafficking proceeds.

8. Based on the above training and experience, affiant is familiar with the modus operandi of persons involved in the illegal distribution of controlled substance as well as the terminology used by persons involved in the illegal distribution of controlled substances.

9. Affiant states that in March 2019, SEALE Detectives were advised by a Confidentiual Reliable Informant (CRI) about a black male selling heroin at various locations within Cuyahoga County, specifically in and around Garfield Hts. The CRI stated that the male went by "Boo Gotti", and drove a black pick up truck and most recently a silver SUV bearing Ohio registration "GMC4021". The CRI stated that the male used the phone number of (216) 315 6179.

10. Affiant states that Detectives ran the license plate of "GMC4021" through LEADS, and discovered that was a rental vehicle from Enterprise. Detectives learned that the individual that rented the vehicle was a female by the name of Tiffany Jones, who gave an address of 5820 Linda Lane, Garfield Hts (Cuyahoga) Ohio 44125 (said residence to be searched). Detectives ran the address of 5820 Linda Lane through Accurint, and discovered that a male by the name of Deandre Allen was associated with that address as well. SEALE Detectives are familiar with Allen, having arrested him for heroin trafficking in 2012.

11. Affiant states that SEALE Detectives showed the CRI a BMV image of Allen, and the CRI positively identified Allen as the male going by "Boo Gotti" selling narcotics.

12. Affiant states that in the past 48 hours, 2019, Detectives met with this CRI in an attempt to make a controlled purchase of heroin from Allen. The CRI was searched and found to be free of drugs, money, and contraband, and was provided an amount of pre-recorded police buy money. The CRI was provided with a wireless, digital covert camera, as well as a wireless digital recorder in an attempt to record the drug sale. The CRI contacted him at 216 315 6179, and he agreed to sell the CRI an amount of narcotics. The buy location was set to take place within Cuyahoga County. Detective Griffis followed the CRI directly to the buy location. Detective Sara had set up surveillance on the residence located at 5820 Linda Lane, Garfield Hts (Cuyahoga) Ohio 44125 (said residence to be searched) prior to and during the time when the CRI was contacting Allen. The rental vehicle - Ohio registration GMC4021, a 2018 Toyota SUV - was parked in the driveway during this time. After the buy location was made, a short time later, Detective Sara observed Allen leave the residence and drive directly to the buy location. The CRI arrived, and met with Allen. The CRI gave him the pre-recorded police buy money, and in turn Allen sold the CRI an amount of

3

suspected heroin/fentanyl. After the controlled buy was complete, the CRI left the buy location, met with Detective Griffis, and immediately turned over the purchased narcotics to Detective Griffis. The CRI was searched again and found to be free of money, drugs, and contraband.

13. Affiant states that the purchased narcotics field tested positive for fentanyl via the Nark II test kit, and will be sent to a certified laboratory for further analysis.

14. Affiant states that Detectives have observed the vehicle utilized by Allen (Ohio registration GMC4021) parked in the driveway of 5820 Linda Lane, Garfield Hts (Cuyahoga) 44125 (said residence to be searched) in the early morning hours and late evenings after the controlled buy.

15. Affiant states that Detectives obtained a Computerized Criminal History (CCH) pertaining to Allen, and discovered that he has been charged with Possession of Crack Cocaine, Trafficking in Crack Cocaine, Possession of Criminal Tools, Aggravated Robbery, Possession of Drugs, Obstructing Official Business, Drug Possession, Trafficking Offenses, Trafficking in Drugs, Contempt of Court, Carrying Concealed Weapons, Convey Prohibited Items to Detention Facility, Attempted Drug Possession, Drug Abuse, Probation Violation, and Having Weapons While Under Disability.

16. Affiant avers that the above mentioned CRI has been made reliable in that CRI has provided information about drug traffickers that has been corroborated by other sources, as well as locations where narcotics are sold from that have also been corroborated by other sources, and has worked with the SEALE Narcotics Task Force on other successful narcotics investigations.

17. Affiant states that while different addresses may be associated with Deandre Allen, and that this individual may use different addresses on various court documents and other documents, the affiant knows that individuals involved in drug trafficking and other criminal enterprises often use multiple addresses, including addresses of friends or relatives, in an attempt to evade detection from law enforcement. Affiant states that it is common for those involved in the sale of narcotics to use false names, or nicknames, in an attempt to evade law enforcement as well as in an attempt to hide their identity.

18. Affiant states that through training and experience, those that are involved in the narcotics trade commonly use coded language when discussing narcotics and narcotics transactions over the phone and through text message, and that these conversations rarely clearly identify the true nature of the narcotic conspiracy, including but not

limited to what narcotics are being sold, where the narcotics are to be sold from, and who is involved.

19. Due to the above determined facts, affiant believes that there is probable cause to believe persons in the above location (5820 Linda Lane, Garfield Hts (Cuyahoga) Ohio 44125) are and have been engaged in narcotics trafficking on a continuing basis in the day and night season.

20. Affiant has participated with other members of his unit in an ongoing investigation into the drug trafficking operations described above. Affiant has not always personally observed everything described above, but that which he did not personally observe was described to him by the other investigating officers and or agents who did.

21. In the experience of affiant, it is common for drug traffickers to maintain multiple premises from which their illegal business is conducted. Drug traffickers also store narcotics, narcotics proceeds and records relating to the trafficking of narcotics at their residences and/or businesses, the residences and/or businesses of their relatives and co-conspirators and other locations over which they have control and access.

22. In the experience of affiant, it is common for drug traffickers to maintain for extended periods of time books, records, receipts, notes, ledgers, customer account balances, airline tickets, money orders, cashier(s) checks, wire transfer records, passports, and other records relating to the procurement, distribution, storage, and transportation of controlled substances. These records include the telephone numbers of customers, the amount of controlled substances distributed to various customers, along with running totals of debts owed by those customers. Drug traffickers also maintain paraphernalia utilized to weigh, cut and package controlled substances. These aforementioned items are commonly maintained in locations to which narcotic traffickers have frequent and ready access, i.e. homes, business, and automobiles.

23. That the aforementioned books, records, receipts, notes, ledgers, etc., are maintained for extended periods of time where the drug traffickers have ready access to them.

24. In the experience of affiant, it is common for large scale narcotics traffickers to maintain on hand large amounts of U.S. currency in order to maintain and finance their on-going narcotics business.

25. In the experience and training of affiant, it is common for large scale drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residence, businesses,

automobiles and other premises for ready access and to conceal them from law enforcement authorities.

26. In the experience and training of affiant, persons involved in large scale drug trafficking conceal within their residence, businesses and other premises to which they have access and/or dominion or control, caches of drugs, large amounts of currency, financial records and instruments, precious metals, jewelry, automobile titles, proceeds of drug sales and other items of value acquired from engaging in drug trafficking activities.

27. In the experience and training of affiant, when drug traffickers amass large amounts of proceeds from the sales of drugs, the traffickers attempt to disguise and legitimize these funds by utilizing domestic and foreign banks, other financial institutions, gambling casinos, securities and real estate brokers, professional service providers such as accountants, attorneys and financial advisors, "shell" corporations and business "fronts," and by conducting transactions utilizing cashier's checks, wire transfers, money drafts, letters of credit, credit, debit and ATM cards and other financial instruments. Records of these activities are commonly kept for extended periods of time in the drug traffickers' residence, businesses and other premises over which they have control and access and at which they receive mail and delivery service items.

28. In the experience and training of affiant, drug traffickers commonly maintain for extended periods of time records of addresses, telephone numbers, passwords, codenames, account numbers and other data relating to their criminal associates and narcotics proceeds in books, papers, folders, briefcases, desks, safes and electronic and computerized systems.

29. In the experience and training of affiant, during drug transactions, traffickers take or cause to be taken photographs of themselves, their associates, their property and their product. Drug traffickers usually maintain these photographs at their residences and/or other properties that they control.

30. In the experience and training of affiant, drug traffickers commonly use electronic equipment to aid them in their drug trafficking activities. This equipment includes, but is not limited to, digital display pagers, mobile telephones, speed dialers, electronic telephone books, electronic date books, computers, computer memory disks, money counters, electronic surveillance equipment, eavesdropping equipment, police radio scanners, and portable communication devices.

31. In the experience and training of affiant, drug traffickers commonly use their residences, business locations, automobiles and other locations over which they have control to store packaging and measuring equipment

such as, plastic bags, manila envelopes, scales, weights, heat sealing devices, adhesive tape, etc. in the possession, dilution, and/or distribution of narcotic drugs and other controlled substances.

32. In the experience and training of affiant, drug traffickers often purchase and/or title their assets in fictitious names, aliases or the names of relatives, friends or business entities, to avoid detection by law enforcement.

33. In the experience and training of affiant, drug traffickers frequently maintain firearms to protect both the controlled substances and proceeds derived from their sale from other narcotics traffickers and law enforcement authorities.

34. In the experience and training of affiant, it is common for individuals who traffic in illegal narcotics to maintain or keep narcotics at one location, and sell from another location, away from their home in order to avoid police detection.

35. In the experience and training of affiant, it is common for individuals who traffic in illegal narcotics to have home safes in order to store documents and all items relating to the sale of illegal narcotics, as well as other contraband.

36. In the experience and training of affiant, persons who traffic in illegal drugs frequently keep records of illegal transactions, including computers and computer files and discs, and evidence of communications used in the furtherance of drug trafficking activity, including, but not limited to, pagers, cellular telephones, answering machines, and answering machine tapes.

37. In the experience and training of affiant, persons who traffic in illegal drugs frequently keep weapons, such as firearms, on or about their person, or within their possession, for use against law enforcement officials, as well as other citizens. Therefore, it is necessary to search all persons found on the premises for the safety of the executing officers.

38. In the experience and training of affiant, narcotic drugs are frequently carried or concealed on the person of people who are present at locations where drugs are used, possessed, kept, or being sold and the size of useable quantities of drugs are small, making them easy to conceal on one's person. Therefore, it is necessary to search all persons found on the premises.

39. Based on these facts, affiant avers that he has probable cause and reason to believe, and does believe that the above described items will be found within the above described premises (5820 Linda Lane, Garfield Hts (Cuyahoga) Ohio 44125) its curtilage and common areas, vehicles registered to or in the control of parties located inside said residence, garage and out building areas, and all persons located within the above mentioned residence.

40. Affiant avers that it is urgently necessary that the above mentioned premises be searched in the **night** season forthwith to prevent the above named property from being concealed or removed so as not to be found and for the safety of the executing officers.

AFFIANT FURTHER SAYETH NAUGHT

_____
AFFIANT

Sworn to before me and subscribed in my presence this _14th_, day of March 2019.

_____
JUDGE, COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

# S.E.A.L. Narcotic Unit

Pg. 1 of [sketch]

Warrant Date: 3-19-19  Type & # of Warrant(s): SEARCH WARRANT
Name: DEANDRE ALLEN  Address: 5820 LINDALA  City: GARFIELD HTS.
Time Entered: 0800  Time Completed: 0945

| Item # | Item Found | Location Item Found | Finder |
|---|---|---|---|
| 1 | MONEY COUNTER | HALL CLOSET CLOSE TO L. Room | BS |
| 2 | DIGITAL SCALE | Found in TOYOTA GMC4021 | BS |
| 3 | 3 CREDIT CARDS | | |
| 4 | US CURRENCY | | |
| 5 | MISC PAPERWORK | | |
| 6 | LOTTO PAPER / RICE PAPER | | |
| 7 | BENJAMIN QUEST TACTICAL PELLET RIFLE | MASTER BEDROOM | MG |
| 8 | CELL PHONE | MENS T-H COAT POCKET DINING ROOM | BS |
| 9 | DRUM MAG LOADED | BASEMENT | BS |
| 9 10 | SUSPECTED NARCOTICS | HALL CLOSET CLOSE TO L. ROOM IN MENS BLACK COAT POCKET | BS |
| 11 | GANG CLOTHING | MASTER BEDROOM | MG |
| 12 | MISC PAPERWORK / CASINO CARDS / GIFT CARDS | MASTER BEDROOM | MG |
| 13 | US CURRENCY | MASTER BEDROOM | MG |

Inventory Officer: BS  Recipient: LEFT ON PREMISES  Witness: [signature]

# S.E.A.L. Narcotic Unit

Warrant Date: 3-19-19  Type & # of Warrant(s): SEARCH WARRANT
Name: DEANDRE ALLEN  Address: 5320 LINCOLN  City: GARFIELD HTS
Time Entered: 0800  Time Completed: 0945

| Item # | Item Found | Location Item Found | Finder |
|---|---|---|---|
| 14 | Glock 22 w/ EXT MAG SN: LGP644 | ON TOP DRESSER MASTER BEDROOM | MG |
| 15 | Sig Sauer P250 .357 SN: EAK038487 | IN DRESSER DRAWER MASTER BEDROOM | MG |
| 16 | 5 DIGITAL SCALE | MASTER BEDROOM | MG |
| 17 | 3 CELL PHONES | MASTER BEDROOM | MG |
| 18 | SUSPECTED NARCOTICS | ON TOP DRESSER MASTER BEDROOM | MG |
| 19 | LAPTOP | MASTER BEDROOM | MG |

Nothing ELSE TAKEN

Inventory Officer: ISS  Recipient: LEFT ON PREMISE  Witness: [signature]