IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA | * | CASE NO. 1:19CR00647 |
|---|---|---|
| Plaintiff | * | |
| -vs- | * | JUDGE SARA LIOI |
| DEANDRE ALLEN | * | |
| Defendant | * | DEFENDANT'S SUPPLEMENTAL MOTION TO SUPPRESS |
| * * * | | |

Now comes the Defendant, Deandre Allen, by and through undersigned counsel, who files this Supplemental Motion to Suppress pursuant to this Court's Order of February 25, 2020.

Respectfully submitted,

*/S/   LAWRENCE J. WHITNEY*
LAWRENCE J. WHITNEY #0023738
LAWRENCE J. WHITNEY CO, LPA
Attorney for Defendant
137 South Main Street, Suite 201
Akron, Ohio 44308
330-253-7171  -  330-253-7174 fax
burdon-merlitti@neo.rr.com

MEMORANDUM

B.  *Warrant Lacked Probable Cause*

1. **The single controlled buy in this case does not give rise to probable cause to search Mr. Allen's home address**.

In addition to the argument made in Defendant's original brief and motion (R. #21), Defendant asks that the Court consider the following:

SEALE detectives were advised by an informant about a black male selling drugs at various locations within Cuyahoga County. The informant did not indicate that the Linda Lane address was one of those locations, nor did the informant even indicate that he had been to Linda Lane, seen drugs there or bought drugs from there. There is no mention in the affidavit for search or the discovery documents as to where the informant received his information from. However, we do know that the warrant was issued on March 14, 2029, and not executed until March 19, 2019. The affidavit does not indicate that surveillance was set up at the Linda Lane residence at all at any relevant time. The discovery does indicate that on the day of controlled buy there was surveillance at the location but the date of the controlled buy is not mentioned in the discovery of affidavit. The affidavit states the buy was "in the past 48 hours, 2019" so, probably on March 12, March 13 or March 14. The warrant was not executed until five days after the application and order.

The question here is whether or not the affidavit establishes a sufficient nexus between the illegal activity and the place to be searched. See *U.S. v. Carpenter*, 360 F.3d 591, at 594 (6th Cir. 2004). There must be evidence connecting the Defendant, the criminal activity and the residence to be searched. *U.S. v. Laughton*, 409 F.3d 744, 751 (6th Cir. 2005). Defendant offers that no such evidence is in the affidavit in this case.

2. **The reliability of the purported confidential informant was sworn to in a conclusory fashion and his/her statements should not be relied upon in creating probable cause.**

In this case, the affidavit contains only information relative to the reliability of the informant in paragraph 16. In that paragraph, the affiant states that the:

CRI has provided information before that was corroborated by other sources, as well as location and has worked with the "SEALE" task force on successful narcotics investigations.

When confronted with hearsay information from an informant, a Court must consider the veracity, reliability, and basis of knowledge for that information in considering of the totality of the circumstances for evaluating the impact of that information on its probable cause determination. Where a search warrant affidavit is based almost exclusively on the uncorroborated testimony of an unproven informant, an allegation that the defendant is a drug dealer, without more, is insufficient to connect the alleged criminal activity to his residence. *U.S. v. Frazier*, 423 F.3d 526 (6th Cir. 2005). Here, there is no information in the affidavit that the police corroborated what the informant told them – merely that information provided in the past was corroborated by other sources. Courts insist that the affidavit contain substantial, independent police corroboration. *U.S. . Woosly*, 361 F.2d 924, 927 (6th Cir. 2004).

D. *Violation of Criminal Rule 41*

Fed. Crim. Rule 41(e)(2)(A)(i) indicates that the warrant must command the officers to execute the warrant within a specific time no longer than fourteen days. In this case, the warrant specified that the warrant "must be executed within (3) days of the date hereof and may be executed at night." (R. #21-1, Warrant, PageID #74). The warrant is dated March 14, 2019. The warrant was not executed until March 19, 2019, five days after the warrant was authorized.

It would appear that the search warrant was executed in violation of federal law. Please note that under Ohio law a warrant must be executed within three days, however, Ohio Criminal Procedure Rule 45 might extend that time period.

It is not known by this author why the warrant was executed outside the parameters of the warrant. The discovery only indicates:

On Thursday, March 14, 2019, Detective Griffin prepared a search warrant for the residence located at 5820 Linda Lane, Garfield Heights (Cuyahoga), Ohio 44215 and it was reviewed and signed by Judge Gall. On Tuesday, March 19, 2019, SEALE Detectives with the

3

assistance of the Seal Swat Team, executed the warrant at the residence (See ROI, Det. Mike Griffin, March 14, 2019, p.6).

Counsel does not now know if federal agents were involved in the application or execution of the warrant. State law requires the warrant to be executed "within three days". Ohio Criminal Rule 41(C)(2) and Federal law as stated requires that the warrant must command the officers to execute the warrant within a specified time no longer than 14 days." Fed.Crim.R. 41(e)(2)(i). It would appear therefore that the execution of the warrant violated at least federal law. See *U.S. v. Bennett*, 120 F.3d 632 (6th Cir. 1999). Also, see *U.S. v. Scarp*, 586 F.2d 1117 (6th Cir. 1978).

Obviously, testimony is needed here to establish whether any federal officers participated in the application and/or execution of this warrant.

Under *Scarp*, supra, at 1122, an inquiry must be made to determine whether the application of the exclusionary rule is warranted. "While the police failed to comply with the procedural requirements of Rule 41(C), the search was nevertheless 'reasonable' in the constitutional sense, because it was conducted pursuant to a valid state warrant, and met the requirements of the Fourth Amendment. Furthermore, could not have been a result of bad faith on the part of the officers involved . . ." *Scarp* supra at 1122.

This Defendant has already set forth reasons why evidence seized pursuant to this warrant was in violation of the Fourth Amendment of the U.S. Constitution.

                                                /S/ LAWRENCE J. WHITNEY
                                                LAWRENCE J. WHITNEY
                                                Attorney for Defendant

## PROOF OF SERVICE

       I hereby certify that on March 9, 2020, a copy of the foregoing Defendant's Supplemental Motion to Suppress was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                */S/   LAWRENCE J. WHITNEY*
                                                LAWRENCE J. WHITNEY
                                                Attorney for Defendant