# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-647 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| DEANDRE ALLEN, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Deandre Allen ("Allen") to modify detention and for release pending sentencing. (Doc. No. 61 (Motion).) Allen has filed two supplements in support of temporary release. (Doc. Nos. 62, 63.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 64.) For the reasons that follow, Allen's motion, as supplemented, is DENIED.

## I. BACKGROUND

On October 24, 2019, the grand jury indicted Allen on one count of unlawful possession of a machine gun, four counts of possession of a controlled substance with intent to distribute, and one count of possession of a firearm in furtherance of a drug trafficking crime. (Doc. No. 1 (Indictment).) On December 3, 2019, Allen waived his right to a detention hearing and consented to being held without bail pursuant to 18 U.S.C. § 3142 but reserved "the right to revisit the issue

of a detention hearing at a later time." (Doc. No. 11 (Waiver of Detention Hearing) at 1.[1])

On June 4, 2021, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement that provided for an agreed-upon prison sentence of 144 months, Allen pleaded guilty to four counts of possession of a controlled substance with intent to distribute and one count of possession of a firearm in furtherance of a drug trafficking crime. (Doc. No. 60 (Plea Agreement); *see* Minutes of proceedings [non-document], June 4, 2021.) At Allen's request, the sentencing hearing was continued until October 28, 2021. (*See* Non-doc. Order, Aug. 27, 2021.)

## II. DISCUSSION

On July 26, 2021, Allen filed the present motion in which he requests that he be "released from pretrial confinement, subject to any conditions the Court deems appropriate, until he is to report to the [U.S.] Marshal's Service to begin his sentence[.]" (Doc. No. 61 at 1.) He observes that he "has been confined since his arrest[,]"[2] and that, because of the COVID-19 global pandemic, he has had "no family visits and few attorney visits since early 2020." (*Id*.) Allen supplements his motion with letters from his parents who indicate that the family misses him and would like to see him before he is sentenced. (Doc. No. 62-1.) Further, Allen's mother reports that she is having difficulty caring for Allen's children since his incarceration. She represents that Allen could stay with her and help with his children until he needs to report to prison. (*Id*. at 1.)

Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[2] In his initial motion, Allen represented that he had been in custody since March 2019. (Doc. No. 61 at 1.) He has since supplemented his motion to reflect that he actually was arrested in November 2019. (*See* Doc. No. 63.)

requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions. Because Allen has now pled guilty to, and is awaiting sentence for, an offense described in 18 U.S.C. § 3142(f)(A)–(C)—i.e., an offense under the Controlled Substances Act that carries a term of imprisonment of at least 10 years—Section 3143(a)(2) applies. *See* 18 U.S.C. § 3143(a)(2). Under 18 U.S.C. § 3143(a)(2), the Court must order the defendant detained unless: (1) the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Here, pursuant to the terms of the plea agreement, Allen has reserved the right to challenge the Court's January 25, 2021 ruling on his motion to suppress. (Doc. No. 60 ¶ 20; *see* Doc. No. 50 (Memorandum Opinion and Order).) He insists that he "would not do anything which might prejudice" his anticipated appeal from the Court's suppression ruling and underscores the fact that he was not immediately arrested following the search of his residence and did not flee. (Doc. No. 61 at 2.)

While the Court understands that Allen intends to appeal the Court's ruling on his suppression motion, the Court does not believe that there is a substantial likelihood that his appeal will result in a new trial or a judgment of acquittal. Additionally, the Court is far from convinced that Allen will not flee or pose a danger to any other person or the community if released. Allen now stands convicted of trafficking in dangerous controlled substances and of using a firearm to further those crimes. He is facing a substantial prison sentence and has a much

3

higher incentive to flee than when his residence was searched in 2019. Moreover, he has a history of drugs and weapons offenses. (*See* Doc. No. 10 (Pretrial Services Report).) Accordingly, the Court finds that Allen has failed to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the community. *See United States v. Stone*, 608 F.3d 939, 947, n.6 (6th Cir. 2010) (recognizing that "drug trafficking is a serious offense that, in itself, poses a danger to the community"). He is, therefore, subject to mandatory detention under § 3143(a)(2).

Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight. 18 U.S.C. § 3145(c) (emphasis added).

As previously noted, the Court is unable to find that Allen poses no flight risk. Additionally, the Court does not find the existence of "exceptional reasons" for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). While the Court is sympathetic to the desire of Allen and his family to be reunited once again before he is sentenced, there is an absence of any precedent for concluding that such factors amount to exceptional circumstances under § 3145(c). *See United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (finding that cooperation with the government, economic hardship, and hardship to family did not combine to make exceptional circumstances); *United States v. Reynolds*, No. 12-

20843, 2013 WL 4744750, at *13 (E.D. Mich. Sept. 4, 2013) (concluding that even though the defendant's mother suffered from lupus requiring defendant's care, the defendant's adult daughter suffered from mental illness requiring that defendant make arrangements for her care, and that the defendant was the sole owner of a small business, these factors were insufficient to establish exceptional circumstances warranting release pending sentencing), *aff'd*, 626 F. App'x 610 (6th Cir. 2015).

Ultimately, the Court finds that Allen has not satisfied his burden of demonstrating reasons sufficient to persuade the Court that temporary release under any statutory provision is warranted.

### III. CONCLUSION

For the foregoing reasons, Allen's motion to modify detention and for release pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: September 7, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**