**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-647 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DEANDRE ALLEN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Deandre Allen ("Allen") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 99 (Motion); Doc. No. 102 (Amendment to Motion).) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 101 (Response to Motion); Doc. No. 103 (Response to Amendment)). For the reasons set forth herein, the motion to vacate, as amended, is DENIED.

**I.     BACKGROUND**

On October 24, 2019, a federal grand jury returned a six-count indictment charging Allen with unlawful possession of a machine gun, in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2) (Count 1); one count each of possession with intent to distribute heroin, fentanyl, and hydrocodone (Count 2), possession with intent to distribute heroin, acetyl fentanyl, and fentanyl (Count 3), possession with intent to distribute cocaine base (Count 4), and possession with intent to distribute heroin (Count 5), all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §

924(c)(1)(B)(ii) (Count 6). (Doc. No. 1 (Indictment).)

Allen filed a motion to suppress all evidence seized by law enforcement in connection with a search of his residence on March 14, 2019, that yielded evidence of drug trafficking, including scales, a money counting machine, controlled substances, a fully automatic Glock .40 caliber pistol, and cash. (Doc. No. 33 (Memorandum Opinion), at 4[1]; *see* Doc. No. 21 (Motion to Suppress); Doc. No. 25 (Supplement to Motion to Suppress).) In his suppression motion, Allen claimed, in part, that the affidavit supporting the search warrant lacked the necessary nexus between the suspected drug trafficking and the place to be searched. (Doc. No. 21, at 6–8.) He also complained that the detective who authored the supporting affidavit made significant misrepresentations and/or omissions, maintaining that the detective lied about how he used a rental car to link an ongoing narcotics investigation to the residence to be searched. (*Id*. at 3–6.) In connection with his motion, Allen requested a *Franks* hearing. (*See id*. at 3.)

In an opinion dated April 29, 2020, the Court denied the suppression motion and denied the request for a *Franks* hearing. (*See* Doc. No. 33.) Relevant to the present motion to vacate, the Court determined that the affidavit supporting the warrant established the necessary nexus between the criminal activity under investigation and the place to be searched. (*Id*. at 8–11.) The Court also found that defendant had failed to make a substantial preliminary showing that the affidavit's author "made a deliberate false statement or acted with a reckless disregard of the truth[,]' thus obviating the need for a *Franks* hearing. (*Id*. at 5–7.) As part of its ruling, the Court also denied Allen's request to compel the government to identify the confidential informant who participated

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

2

in the controlled buy outlined in the warrant affidavit or to produce discovery on the controlled buy, finding sufficient information in the affidavit from which to determine the reliability of the confidential informant.[2] (*Id*. 11–13.) The Court subsequently denied defendant's motions to reopen the evidence regarding suppression, to supplement his previous motion to suppress, and to permit testimony relative to suppression. (Doc. No. 50 (Memorandum Opinion); *see* Doc. No. 41 (Motion to Reopen Suppression); Doc. No. 43 (Motion for Discovery/Suppression).)

With the assistance of counsel and the benefit of a Rule 11(c)(1)(C) plea agreement, on June 4, 2021, Allen entered a guilty plea to Counts 2–6 of the indictment. (Minutes of Proceeding [non-document], 6/4/2021; *see* Doc. No. 60 (Plea Agreement).) The plea agreement contained a broad waiver provision restricting Allen's appellate rights including his right to take a direct appeal and a collateral attack of his sentence. With respect to the latter, the waiver provision generally precluded the filing of a "proceeding under 28 U.S.C. § 2255." (Doc. No. 60, at 7 ¶ 20.) Carved out of the waiver was the right to appeal:

> any punishment in excess of the statutory maximum; any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in [the plea] agreement, using the Criminal History Category found applicable by the Court (to eliminate doubt, Defendant cannot appeal his sentence if the Court sentences Defendant to the 144-month sentence agreed to by the parties); or the denial of Defendant's suppression motions (Doc. Nos. 21, 25, 41, and 43) as addressed by the Court in the April 29, 2020 Memorandum Opinion and Order (Doc. No. 33) and Section II of the January 25, 2021, Memorandum Opinion and Order (Doc. No. 50).

(*Id*. (cleaned up).) The waiver further provided that "[n]othing in [the waiver] shall act as a bar to

---

[2] The Court granted the motion to suppress with respect to Allen's challenge to the admissibility of statements he made to law enforcement, finding that Allen did not receive proper warnings under *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), before he was subjected to a custodial interrogation. (*See id*. at 14.)

3

[Allen] perfecting any legal remedies [Allen] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id.*)

On October 28, 2021, consistent with the parties' binding plea agreement, the Court sentenced Allen to an aggregate custody term of 144 months, to be followed by three years of supervised release. (Doc. No. 73 (Judgment); Minutes of Proceedings [non-document], 10/28/2021; *see* Doc. No. 72 (Order Regarding Use of Video/Teleconferencing).)

Allen took a direct appeal from the Court's judgment, in which he challenged the Court's refusal to conduct a *Franks* hearing and its denial of his motion to suppress. (Doc. No. 94 (Order), at 1; *see* Doc. No. 75 (Notice of Appeal).) In a decision dated January 4, 2023, the Sixth Circuit rejected these arguments and affirmed this Court's judgment. (Doc. No. 94.) Specifically, the court of appeals held that "[t]he district court did not err when it held that Allen could not make a preliminary showing that [the detective] knowingly and intentionally omitted material information or included a false statement in the affidavit." (*Id.* at 5.) With respect to Allen's nexus argument, the Sixth Circuit panel held that, even without the affidavit statements Allen (erroneously) believed were false, there was more than sufficient information in the affidavit—including a controlled buy with a confidential informant wherein Allen left the residence in question to go straight to the location for buy, and returned to the residence thereafter—to "'give rise to a fair probability' that Allen was trafficking drugs and that drug or drug paraphernalia may be inside the house." (*Id.* at 6–8 (citation omitted).)

In his motion to vacate, Allen raises two grounds for relief. In Ground One, Allen (once again) alleges that the detective who prepared the warrant affidavit provided false statements and failed to otherwise demonstrate a nexus between Allen and the "so called controlled buy." (Doc.

4

No. 99, at 4.) He also challenges the detective's use of information supplied by a confidential informant, questioning whether this unnamed individual was reliable and whether the information upon which the detective relied actually came from the confidential informant. (*Id.*) In Ground Two, Allen claims that his rights under the Confrontation Clause were violated, presumably because he was not allowed to "face" the confidential informant at trial. (*Id.* at 5.) In his amendment, Allen argues for the first time that the government had no evidence that he "used" a firearm in connection with his drug trafficking crimes, and, therefore, he did not violate 18 U.S.C. § 924(c). (Doc. No. 102, at 2–3.)

It is the government's position that the motion, as amended, is barred by the plain terms of the waiver in Allen's binding plea agreement, and that the arguments contained therein are procedurally barred to the extent they were either raised and rejected on direct appeal or could have been raised in the direct appeal but were not submitted to the Sixth Circuit for consideration. (*See* Doc. No. 101, at 5–7; Doc. No. 103, at 1–2.)

## II.     STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

5

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Indeed, "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Caruthers v. United States*, No. 3:07-cr-0635, 2008 WL 413631, at *5 (M.D. Tenn. Feb 12, 2008) (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). Therefore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively

6

established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Posey v. United States*, No. 3:20-cv-00121, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *Lemaster*, 403 F.3d at 221–22). That is because "[t]he plea colloquy process exists in part to prevent defendants from making such claims [of misrepresentation and a lack of understanding]." *Barnett v. United States,* No. 2:10-cr-116, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citing *Ramos v. Rogers*, 170 F.3d 560, 560–66 (6th Cir. 1999)). "Otherwise, a defendant could plead guilty in the hope of obtaining favorable treatment during sentencing while reserving the right to raise all manner of constitutional claims if the result of the sentencing process was not as he had hoped." *Id.* at *7.

Accordingly, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing,

the judge may rely on his or her recollections of those proceedings. *See generally Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Allen waived his right to bring a collateral attack on his sentence. Additionally, the uncontracted record demonstrates that the claims raised in the motion are procedurally barred or defaulted.

III. **DISCUSSION**

A. **Allen's Grounds for Relief are Waived**

The government argues that Allen is barred from pursuing any of his challenges in a § 2255 motion because he voluntarily forfeited this right pursuant to his plea agreement. (Doc. No. 101, at 5.) The Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). As long as the appeal waiver agreement is made knowingly and voluntarily, courts will enforce the waiver. *See Morrison*, 852 F.3d at 490; *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Here, Allen specifically waived his right to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. (Doc. No. 60, at 7 ¶ 20.) As is the Court's practice, during the change of plea hearing, the Court engaged Allen in a Fed. R. Crim. P. 11 colloquy, wherein after placing Allen under oath, the Court reviewed with him the plea agreement and the rights he was giving up by entering a guilty plea,

including the rights he was forfeiting by means of the waiver provision, in order to insure that he understood those rights and that it was his intention to change his plea to guilty. (*See generally* Doc. No. 93 (Change of Plea Hearing Transcript), at 6–60; *id.* at 45–47 (limited to discussion of waiver in plea agreement).) Allen has not challenged the plea process or otherwise proven (or even suggested) that his plea was deficient in any way. Because Allen tendered a knowing, intelligent, and voluntary guilty plea, the waiver provision in the plea agreement is enforceable and serves to bar the present collateral attack.[3] *See Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (enforcing plea agreement waiver on § 2255 motions where petitioners did "not challenge the plea colloquy . . . [or] deny that they knowingly and voluntarily entered" into the plea agreement). Accordingly, Allen's motion to vacate is denied for this reason alone.

### B. Allen's Grounds for Relief are Procedurally Barred

Even if Allen had not waived his right to bring a § 2255 motion, the government argues that he would have been barred from bringing any of the asserted arguments in a motion to vacate. Specifically, the government posits that any claims he raises now that he could have but failed to raise on direct appeal are procedurally defaulted. (Doc. No. 101, at 6.) To the extent that the claims he raises now are the same as those that were raised and decided on direct appeal, the government insists that those claims are procedural barred. (*Id.*) The Court agrees with the government on both counts.

Taking the government's arguments in reverse order, to the extent that Allen is attempting

---

[3] As set forth above, Allen specifically reserved the right to collaterally raise claims of ineffective assistance of counsel and prosecutorial misconduct. (*See* Doc. No. 60, at 7 ¶ 20.) While Ground One is titled "Illegal Search and Fourth Amendment Violation[s and] Prosecutorial Misconduct" (*see* Doc. No. 99, at 4), this first ground for relief fails to identify any factual allegations that would support a claim of prosecutorial misconduct.

to use the present motion to revisit the legality of the search of his residence—including the nexus supporting the search and the decision to deny a *Franks* hearing—these issues were squarely raised and rejected by the Sixth Circuit on direct appeal. (*See* Doc. No. 94, at 5–8.) "It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing, among authority, *Davis v. United States*, 417 U.S. 333, 345, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)); *see Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) (issues which are presented and decided on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances (citations omitted)). Allen has not identified an intervening change in the law, or any other highly exceptional circumstances, that would permit the Court to revisit issues that were definitively decided on direct review. Accordingly, Allen's Fourth Amendment claims in Ground One, to the extent they were previously raised on direct appeal, are procedurally barred.

As for Ground Two, in which Allen argues for the first time that his rights under the Confrontation Clause were violated, as well as the argument he raises in the amendment that the government lacked evidence to support his conviction under § 924(c), the Court finds that these claims are procedurally defaulted. A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

"[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (citing *Bousley v. United States*, 523 U.S. 614, 621–22, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 152, 167–68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998)). A prisoner can also overcome a procedural default if he demonstrates that he is "actually innocent." *Regaldo*, 334 F.3d at 528 (citations omitted). The hurdle a petitioner faces to overcome a procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (citing *Frady*, 456 U.S. at 165).

Allen has failed to demonstrate cause and prejudice for failing to raise these claims on direct review. To the extent he argues that he is actually innocent of violating § 924(c), the claim is meritless. Allen chose to plead guilty to this offense, after admitting to the facts set forth in the plea agreement. (Doc. No. 93, at 51–54 (quoting Doc. No. 60, at 8–10 ¶¶ 22–23).) "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 564, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989). Having waived his right to go to trial and have the government prove its case, he cannot complain the evidence against him would have been

insufficient to support a conviction under § 924(c).[4] He has, therefore, procedurally defaulted on the claims related to the Confrontation Clause, the evidence supporting his § 924(c) conviction, and any argument contained in Ground One that could have been, but was not, raised on direct review. Allen's motion to vacate, therefore, is denied for this additional reason.

## IV. CONCLUSION

For the foregoing reasons, Allen's motion to vacate, as amended, is denied. Further, for all of the same reasons, the Court finds that "reasonable jurists" would not debate the Court's denial of Allen's motion to vacate as procedurally barred and the claims therein waived. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 17, 2024

HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] And, in any event, Allen's argument that his conviction under § 924(c) is fatally flawed because the government lacked any evidence that he "used" a firearm in connection with a drug trafficking crime is without merit. Allen relies on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 143, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995). However, *Bailey* does not apply to the § 924(c) crime charged in Count 6 of Allen's indictment. "*Bailey* examined an earlier version of [§ 924(c)] that prohibited *only* 'using or carrying a firearm during and in relation to' drug trafficking." *United States v. Combs*, 369 F.3d 925, 931-32 (6th Cir. 2004) (citing 18 U.S.C. § 924(c))(1) (1994) (emphasis added)). In 1988, Congress amended the statute in direct response to *Bailey*, adding the "possession" "in furtherance of" a drug trafficking crime provision. *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001). It was this provision, not the "use and carry" provision, under which Allen was charged in Count 6. (*See* Doc. No. 1, at 3 (charging violation of 18 U.S.C. 924(c)(1)(B)(ii) ("in furtherance of" section)). Accordingly, the ruling in *Bailey* provides Allen no relief.